# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CEDRIC TOLSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-01800-PX |
| DEMOCRACY FEDERAL CREDIT UNION f/k/a HEW FEDERAL CREDIT UNION, | * | |
| Defendant. | * | |

***

## **MEMORANDUM OPINION**

Pending before the Court in this Fair Credit Reporting Act ("FCRA") case is Defendant Democracy Federal Credit Union's ("Democracy FCU") motion to dismiss. ECF Nos. 7 and 8. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, the Court grants Democracy FCU's motion.

### I.    Background

Plaintiff Cedric Tolson maintained a signature loan account and credit card accounts with Democracy FCU. *See* ECF No. 4-1. At some point, Tolson fell behind on his loan payments, *id.*, and Democracy FCU filed suit in Charles County Circuit Court. *See* ECF No. 8 ¶ 3. On June 29, 2016, the parties settled the dispute and Tolson agreed to a repayment plan. *Id.*

Tolson's delinquency thereafter appeared on various credit reports. On February 27, 2017, Tolson sent Democracy FCU written correspondence disputing the loan delinquency as reflected in his credit reports. ECF No. 4-1; ECF No 4 ¶ 4.

Shortly afterwards, Tolson appears to have, again, defaulted on the loan. As a result, on March 21, 2017, Democracy FCU moved to reopen the First Suit because Tolson breached the settlement terms. *See* ECF No. 8 ¶ 4; ECF No. 4 ¶ 6; ECF No. 4-4. Tolson, in response, filed a

counterclaim against Democracy FCU, alleging wrongful credit reporting practices. ECF No. 8 ¶ 5; ECF No. 4 ¶¶ 5–7.

On January 17, 2018, Tolson filed an additional credit dispute with an unnamed reporting agency. ECF No. 4 ¶ 10; ECF No. 4-6. Tolson further avers that a Transunion credit report dated March 21, 2018 was inaccurate. ECF No. 4 ¶ 11; ECF No. 4-7.

On April 17, 2018, the parties entered into a second settlement agreement. ECF No. 4-8. The agreement terms provide that Tolson pay Democracy FCU $6,695.23 in $200 monthly installments and that each party is released "from any and all claims, demands, liabilities, causes of action or charges, which exist up to the date of this Agreement, whether in law or in equity, whether asserted or not." ECF No. 4-8 ¶¶ 2, 3, 20; ECF No. 4 ¶ 12; ECF No. 8 ¶ 6.

On July 13, 2018, Tolson filed yet another credit dispute regarding the accuracy of the accounts with Democracy FCU. ECF No. 4 ¶ 13; ECF No. 4-9. Months later, a December 4, 2018 Transunion credit report allegedly continued to reflect inaccuracies. ECF No. 4 ¶ 14; ECF No. 4-10. Tolson further contends that he has been denied credit on account of the delinquencies include in his credit report. ECF No. 4 ¶¶ 15, 17, 22. Tolson thereafter filed suit in Charles County Circuit Court against Democracy FCU for violations of the FCRA. ECF No. 4. FCU timely removed the action to this Court on June 19, 2019. ECF No. 1; ECF No. 8 ¶ 10.

**II.      Standard of Review**

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and viewed in the light most favorable to him. *Twombly*, 550 U.S. at 555. The Court may also consider documents attached to the motion to dismiss when "integral to and explicitly relied on in the complaint, and when the [opposing parties] do not challenge the document[s'] authenticity." *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015)

2

(quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)) (internal quotation marks omitted). However, "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "'[N]aked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### III.     Analysis

Tolson alleges that Democracy FCU violated sections 1681s-2(a)(1)(A), 1681s-2(a)(1)(B), and 1681s-2(a)(2)(B) of the FCRA by reporting adverse credit information that it knew was wrong and for failing to correct and submit to the credit companies the corrected information. ECF No. 4. The FCRA indeed prohibits entities from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the [entity] knows or has reasonable cause to believe that the information is inaccurate," 15 U.S.C. § 1681s-2(a)(1)(A), and from "furnish[ing] information relating to a consumer to any consumer reporting agency if the [entity] has been notified by the consumer, at the address specified by the [entity] for such notices, that specific information is inaccurate; and the information is, in fact, inaccurate." §

1681s-2(a)(1)(B). The FCRA also mandates that an entity who "has furnished to a consumer reporting agency information that the [entity] determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the [entity] to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." § 1681s-2(a)(2)(B).

However, these provisions do not give rise to a private cause of action. The Act expressly "limit[s] enforcement of subsection (a) to '[f]ederal agencies and officials and . . . State officials.'" *Beattie v. Nations Credit Fin. Servs. Corp.*, 69 F. App'x 585, 591 (4th Cir. 2003) (quoting 15 U.S.C. § 1681s-2(c)–(d)). Tolson, therefore, does not qualify as a covered "official" under the statute, and he cannot proceed against Democracy FCU for violations of 15 U.S.C. § 1681s-2(a). These claims must be dismissed with prejudice.

The Court recognizes that Tolson proceeds pro se. Thus, the Court construes his pleadings liberally and in favor of all potential causes of action pleaded. Although the particular FCRA provisions to which Tolson expressly refers do not provide a private right of action, the FCRA does allow a consumer to pursue claims arising from an entity's failure to investigate reasonably any disputed credit information received from a Credit Reporting Agency ("CRA"). *Green v. Sw. Credit Sys., L.P.*, 220 F. Supp. 3d 623, 625 (D. Md. 2016) (citing 15 U.S.C. § 1681s-2(b)(1)); *Robinson v. Greystone All., LLC*, No. BPG-10-3658, 2011 WL 2601573, at *3 n.6 (D. Md. June 29, 2011); *see also Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 509 (D. Md. 2004). To prevail on a claim brought pursuant to 15 U.S.C. § 1681s-2(b), Tolson must demonstrate that (1) he notified a CRA of the disputed information, (2) the CRA

4

notified the furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. *See Alston v. Branch Banking & Tr. Co.*, No. GJH-15-3100, 2016 WL 4521651, at *6 (D. Md. Aug. 26, 2016).

Tolson has alleged, albeit in summary fashion, that on two separate occasions he notified a CRA[1] that he disputed the adverse credit information as to his Democracy FCU loan. ECF No. 4 ¶ 10; ECF No. 4-6 (January 17, 2018) and ECF No. 4 ¶ 13; ECF No. 4-9 (July 13, 2018). However, no facts permit the plausible inference that the CRA then notified Democracy FCU of the dispute. Moreover, even if Democracy FCU were notified, the Complaint does not aver any facts reflecting that Democracy FCU failed to investigate and modify the inaccurate credit information. Accordingly, even accepting the averred facts as true and most favorably to Tolson, the Complaint cannot survive challenge.[2]

### IV. Conclusion

For the foregoing reasons, the Court grants Democracy FCU's motion to dismiss. ECF Nos. 7 and 8. A separate Order follows.

| 1/24/2020 | /S/ |
|---|---|
| Date | Paula Xinis |
|  | United States District Judge |

---

[1] Tolson does not aver any specific CRA with which he filed a dispute. However, Tolson later alleges that Transunion's credit reports continued to reflect inaccuracies, and so the Court infers that the particular CRA is Transunion. ECF No. 4 ¶¶ 11, 14.

[2] Democracy FCU argues that Tolson's claims are both time-barred and waived under the April 17, 2018 settlement agreement. Because the claims fail as a matter of law, the Court declines to address Democracy FCU's alternative grounds for dismissal.